Arturo Rios-Pena
Reg No. 92592-079
Cedar Hill Unit
3711 Wright Ave.
Big Spring, Texas 79720

Pro-se

United States District Court
Southern District of Texas
FILED

MAY 2 2 2001

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

United States of America,
Respondent,

vs.

Arturo Rios-Pena,
Petitioner.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:00 CR-00133-001
Civil Case No: _____

B-01-86

Motion To Vacate, Set Aside
or Correct Sentence, Pursuant to
28 U.S.C. §2255

COMES NOW   Petitioner, Arturo Rios-Pena, acting in propria persona, Moves this Honorable Court to respectfully Submitted this motion to set aside or correct sentence pursuant to 28 U.S.C.S § 2255. This motion is supported by the Attached Statements of the Case and Memorandum of Points and Authorities.

Respectfully submitted this _16_ day of May, 2001

Arturo Rios Peña
Arturo Rios-Pena
Reg No. 92592-079
pro-se

ClibPDF - www.fastio.com

# STATEMENT OF THE CASE

On March 28, 2000, a Federal Grand Jury in Brownsville, Texas, returned a single count indictment in Criminal Docket No. 1:00 CR 00133-001, against Petitioner Arturo Rios-Pena. The indictment charged him with unlawfully found in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326 (b).

On April 6, 2000, Petitioner appeared before the Honorable John Wm. Black, United States Magistrate Judge and entered a plea of guilty to the single count indictment. No plea agreement was entered in this case.

Magistrate Judge John Wm. Black deferred making a finding of guilt and ordered the preparation of a Presentence Investigation Report, sentence was schedule to be held on July 10, 2000, at 9:00 a.m.

On July 10, 2000, Honorable Judge Hilda G. Tagle, sentenced Mr. Rios-Pena to serve forty-six (46) months in the custody of the Bureau of Prisons, and imposed a three-year term of supervised release and a $100 special assessment.

On November 7, 2000, an appeal was filed by Assistant Federal Public Defender Mr. H. Michael Sokolow on behalf of Mr. Rios-Pena, respectfully requesting the Court of Appeals for the Fifth Circuit to vacate Petitioners' sentence, on the grounds that Mr. Rios-Pena prior conviction is an element of the offense under 8 U.S.C. § 1326 (b) and is not merely a sentence enhancement. Acknowledging that **Almendarez-Torrez v. United States**, 523 U.S. 224 (1998), forecloses the issue raised in appeal. But raises the issue in the light of the majority opinion and Justice Thomas's concurring opinion in **Apprendi v. New Jersey**, 120 S.Ct. 2348, 2362 & n.15 (2000); Id at 2379.

Comes Now, Petitioner Arturo Rios-Pena respectfully submits this Motion under 28 U.S.C.S § 2255. This motion is based on the recent decision rendered by the Court of Appeals for the 5th. Circuit, **United States v. Chapa-Garza**, 243 F.3d. **921 (5th. Cir. 2001)** holding that Texas felony Driving While Intoxicated (DWI) was not "crime of violence" and thus not aggravated felony the prior conviction for which have warranted enhancement of defendants' sentence.

## * JURISDICTION

This issue was not raised on Petitioners' Appeal, and can properly be bought up in the District Court. According to **United States v. Elias**, 921 F.2d 870, 874 **(9th. Cir. 1990)** ("Documents or facts not presented to the District Court are not part of the record on Appeal").

## STATEMENT OF THE ISSUE

**Defendant's prior conviction for Driving While Intoxicated ( DWI ) should not be considered a "crime of violence" and hence "aggravated felony" for sentence enhancement purposes.**

## ARGUMENT

The indictment charged Petitioner Rios-Pena with violation 8 U.S.C. §1326 by reentering the United States after removal. Section §1326 (a) punishes that offense by a term of imprisonment not to exceed two (2) years.   Due to a subsequent conviction  of  July 01, 1994 (Cause No. 94-CR 1861-D) for a

"aggravated felony" for Driving While Intoxicated, Defendants offense level was increased by sixteen (16) level pursuant to U.S.S.G. § 2L1.2 (b)(1)(A). (Page 5, Paragraph 12). Of Petitioners' Presentence Investigation Report (PRS).

The Sentencing Commission has no independent definition of "aggravated felony". Guideline 2L1.1 incorporates the statutory definition at U.S.C. §1101(a)(43). The aggravated felony provisions at §§ 1101 (a)(43) and §1326 (b)(2) increase the statutory maximum sentence from 2 to 20 years and the Guideline offense level. Whether felony DWI is an aggravated felony depends solely on the relevant statutes.

## AUTHORITIES

Based on the recent decision rendered by the Court of Appeals for the 5th. Circuit holding that Texas felony Driving While Intoxicated (DWI) was not "crime of violence" and thus not aggravated felony the prior conviction for which have warranted enhancement of defendants' sentence. **see United States v. Chapa-Garza**, 243 F.3d. 921 (5th. Cir. 2001).

The Court of Appeal had been called twice to decide the question of whether felony *DWI* was a crime of violence as defined by 18 U.S.C. §16 (b). In **Camacho-Marroquin v. Immigration and Naturalization Service**, 188 F.3d 649 (5th. Cir. 1999), withdrawn 222 F.3d 1040 (5th. Cir. 2000), the Court of Appeals had held that DWI was a crime of violence. However, **Camacho-Marroquin** moved to withdraw his petition for rehearing en banc so that the Immigration and Naturalization Service could deport him in lieu of incarceration. As a result, the panel withdrew its opinion. **Camacho-Marroquin** had held that felony DWI was a crime of violence because of the substantial risk that drunk driving will result in a automobile accident.

**Camacho-Marroquin, 188 F.3d at 652.** The Government agreed with this approach and urged that anytime an offense involved a substantial risk of harm, even accident harm, that offense is a crime of violence.    In this recent decision on **United States v. Chapa-Garza**, the Court of Appeals disagreed with the Government's proposed construction of section 16(b) for three reasons:

1)-    it requires that section 16(b) be construed the same as U.S .S.G. § 4B1.2 (a)(2), which  now contains significantly broader language;

2)-    "substantial risk that physical force...may be used" contemplates only reckless disregard for the probability that intentional force may be employed;

and

3)-    The physical force described in section 16(b) is that  "used in the course of committing  the offense", not that force that  could  result from the offense having been commited.

In **United States v. DeSantiago-Gonzalez**, 207 F.3d 261 (5th. Cir. 2000), the Court of Appeals recognized the difference between section 16(b) and guideline 4B1.2(a)(2). **DeSantiago-Gonzalez** was applying, to misdemeanor DWI, the same guideline 4B1.2(a)(2) language that Rutherford applied to felony DWI. More importantly, notwithstanding that **DeSantiago-Gonzalez** was decided before **Camacho-Marroquin** was withdrawn, **Camacho-Marroquin** was not given

"Controlling effect because it was a deportation case wherein the applicable definition of  'crime of violence' in language similar to but not identical with the definition which controls the sentencing issue presented in this appeal found at U.S.S.G. § 4B1.2(a)." **DeSantiago-Gonzalez, 207 F.3d at 264.**

Based on Petitioner Mr. Rios-Penas' PSR, **Specific Offense Characteristic:** The defendant was convicted by the State District Court of Cameron County, Texas, for driving while intoxicated, Cause No. 94-CR-1861. Said conviction is an aggravated felony and therefore, an increase of sixteen (+16) level applicable, pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

The U.S.S.G. §2L1.2 provides:

" §2L1.2 Unlawfully Entering or Remaining in the United States

(a) Base Offense Level: 8
(b) Specific Offense Characteristic
(1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction. increase as follows (if more than one year applies, use the Greater):
(A) If the conviction was for an aggravated felony, increase 16 levels.
(B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by 4 levels."

In Mr. Rios-Penas' case like **DeSantiago-Gonzalez** and **Chapa-Garzas** involves an enhancement under guideline 2L1.2. However, in **Chapa-Garzas'** recent decision this issue was clearly explained that: guideline 2L1.2 contains two offense level increase options. The first is a 16 level increase for a aggravated felony. This is the increase applied to Mr. Rios-Pena and **Chapa-Garza**. The second is a four level increase if the defendant has a prior record that includes any other felony or three or more misdemeanor crimes controlled substance offense. This was the enhancement at issue in **DeSantiago-Gonzalez**. For purpose of the four level enhancement only.

Page 6

In **Chapa-Garzas'** there was a final conclusion regarding if DWI was an aggravated felony, the Court of Appeal stated:

> "We turn now to the ultimate question we are called to decide. While the victim of a drunk driver may sustain physical injury from physical force being applied to his body as a result of collision with the drunk driver's errant automobile, it is clear that such force has not been intentionally "used" against the other person by the drunk driver at all, much less in order to perpetrate any crime, including the crime of felony DWI. The crime of Texas felony DWI is committed when defendant after two prior DWI convictions, begins operating a vehicle while intoxicated. Intentional force against another's person or property is virtually never employed to commit this offense. Accordingly, we hold that felony DWI is not a crime of violence as defined by 18 U.S.C. §16(B). **Chapa-Garza at 925.**

## CONCLUSION

**THEREFORE,** for the above metion reason, Petitioner prays this Honorable Court to grant this Motion and Vacate Mr. Rios-Pena's 46 months of imprisonment, and resentence him without the 16 level that were applied for a driving while intoxicated in the State of Texas, that based on the recent decision rendered by the Court of Appeals for the 5th. Circuit helding that Texas felony Driving While Intoxicated (DWI) was not "crime of violence" and thus not aggravated felony the prior conviction for which have warranted enhancement of defendants' sentence.

Respectfully submitted this _16_ day of May, 2001

*Arturo Rios Pena*

Arturo Rios-Pena
Reg No. 92592-079
pro-se

## CERTIFICATE OF SERVICE

I, Arturo Rios-Pena, hereby affirm that on this ⟨May⟩ day of ⟨16⟩, 2001, I deposite in the receptacle for the United States mail provided for inmates at this institution, fist class postage prepaid, In a seales enveloped addreed to:

Ronald G. Morgan
A.U.S.A.
600 E. Harrison St., #201
Brownsville, Texas 78520-7155

Respectfully,

DATE: 5/6/01

Arturo Rios Pena

Arturo Rios-Pena
Reg No. 92592-079
pro-se

ClibPDF - www.fastio.com

# FINANCIAL CERTIFICATE
## (Post-filing/inmate accounts)

ARTURO RIOS PENA                              # 92592-079

INMATE NAME (*please print*)

                                              INMATE NUMBER

U.S. DISTRICT COURT CASE NUMBER   # No. 1:00 CR-00133-001

1.  INCOME received by inmate during preceding month: $____o____.

2.  CURRENT ACCOUNT BALANCE:
    Funds accessible to inmate as of ____o____, including amount in savings
    account, in excess of minimum amount that must be maintained: $____o____.

3.  Amount forwarded to court under 28 U.S.C. § 1915(b)(2): $__o_____
    (20% of preceding month's income, from current balance over $10.00)

    I hereby certify that as of this date, the above financial information is accurate for
the above-named inmate, and that a copy of this certificate is being provided to the above-
named inmate.

AUTHORIZED OFFICER

TITLE: ___CASE MANEGER___
            May 16 2001

_____
        DATE