

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

AUG 0 8 2001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Respondent, | § | |
| | § | |
| vs. | § | C.R. NO. B-00-133 |
| | § | |
| ARTURO RIOS-PENA, | § | |
|     Petitioner. | § | |
| (C.A. NO. B-01-086) | § | |

## RESPONDENT'S ANSWER TO SECTION 2255 MOTION, MOTION FOR DISMISSAL AND BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, hereinafter "the Government," by and through the United States Attorney for the Southern District of Texas, files this Answer to Section 2255 Motion, Motion for Dismissal, and Brief. In support thereof, the government respectfully shows the court the following:

I.

### JURISDICTION

Rios-Pena was indicted on March 28, 2000, in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal Number B-00-133, with being found present in the United States after previously being deported and removed from the United States and without having obtained the consent of the Attorney General to reapply for admission to the United States in

violation of 8 U.S.C. §§ 1326(a) and 1326(b). (1 R. 54; Dkt #1).[1] On April 6, 2000, Rios-Pena pled guilty to the indictment without any agreement from the United States. (1 R. 34-35; 2 R. 4, 15; Dkt #9). On July 10, 2000, this court sentenced Rios-Pena to 46 months confinement, to a three-year term of supervised release and assessed a $100 special assessment. (1 R. 15; 3 R. 14-15; Dkt #19). Rios-Pena's judgment of conviction and sentence was entered on July 19, 2000. (1 R. 7; Dkt #21).

Rios-Pena filed a timely Notice of Appeal on July 11, 2000. (1 R. 13; Dkt #20). On March 13, 2001, the Fifth Circuit Court of Appeals affirmed the judgment in this case. (Dkt #26). Rios-Pena filed the instant action, C.A. B-01-086, on May 22, 2001. As such, this court has jurisdiction under 28 U.S.C. § 2255.

II.

## STATEMENT OF FACTS[2]

Rios-Pena is a citizen of Mexico. On July 1, 1994, he was convicted in State District Court, Brownsville, Texas, for his third offense of driving while intoxicated. The court sentenced him to five years incarceration but placed him on

---

[1] " R." refers to the record on appeal. The number preceding the record reference is the volume number and the number following the record reference is the page. "Dkt" refers to the district clerk's docket. The number following is the item number.

[2] Unless otherwise indicated, all references in the Statement of Facts are to the facts set out in the presentence report at ¶'s 3-5, 21-22, and adopted by the district court. (3 R. 6).

2

probation for five years. He violated his probation twice resulting in a total of eight months incarceration. He was deported on October 29, 1998.

Rios-Pena unlawfully reentered the United States on August 18, 1999. On March 6, 2000, United States Border Patrol agents responded to a sensor detection along the Rio Grande River near La Paloma, Texas. The agents discovered an individual wearing wet clothes. They also discovered six other people attempting to hide in the back yard of a residence. They all admitted that they were Mexican Citizens and had just crossed the Rio Grande River to illegally enter the United States. As the agents escorted the illegal aliens to a vehicle, the agents noticed Rios-Pena sitting in a chair in front of the residence and acting nervous. When questioned, Rios-Pena admitted he was present to transport the illegal aliens to a bus station in San Benito, Texas. A background check revealed that Rios-Pena was previously deported after an aggravated felony conviction. He admitted illegally reentering the United States on August 18, 1999, and did not have the Attorney General's permission to re-enter the United States.

At the time of his guilty plea, Rios-Pena admitted to a recitation of facts by the prosecutor and answered questions by the court concerning the offense:

3

Mr. MORGAN: On March the 6th, 2000, Border Patrol agents encountered the defendant near a house in the Rancho Grande Subdivision in Cameron County, Texas. When the defendant spotted the agents, he became visibly nervous. At that time, the agents asked the defendant as to his citizenship. The defendant responded by presenting an I-551 resident alien card.

A records check revealed that the defendant was a citizen of Mexico who had previously been deported to Mexico in October of 1998. When confronted with this information the defendant admitted that he'd been deported but that he had nevertheless re-entered the United States in August of 1999 without being inspected by an immigration official. The records check also revealed that the defendant had not applied with the Attorney General for permission to re-enter the United States.

THE COURT: Is that all true, Mr. Arturo Rios-Pena?

DEFENDANT: Yes.

(2 R. 18).

During sentencing, Rios-Pena did not challenge the district court's finding that his prior felony conviction was an "aggravated felony" for the purposes of Section 2L1.2 of the Sentencing Guidelines. On appeal, Rios-Pena raised the sole issue of whether his indictment properly contained all the elements of his offense challenging the absence of the mention of his aggravated felony in the indictment under the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).

4

ClibPDF - www.fastio.com

III.

## RIOS-PENA'S COMPLAINT SUMMARIZED

On April 6, 2000, Rios-Pena pled guilty to being unlawfully present in the United States after being previously deported or removed. He thereby effectively waived all non-jurisdictional defects in his prosecution. He does not challenge his plea of guilty and does not allege ineffective assistance of counsel. During the sentencing hearing, Rios-Pena did not challenge the district court's holding that his prior felony conviction was an "aggravated felony" under Section 2L1.2(b)(1)(A) of the Sentencing Guidelines. Likewise, he did not raise this issue on direct appeal. Notwithstanding his procedural default of this issue, Rios-Pena now brings this Section 2255 motion alleging that his Texas felony for his third conviction of driving while intoxicated (DWI) was not an aggravated felony under Section 2L1.2, and therefore, the district court improperly applied the 16 level enhancement provision.

IV.

## ISSUE PRESENTED

Rios-Pena' petition raises the following issue:

Whether Rios-Pena's prior Texas felony conviction for driving while intoxicated is an "aggravated felony" under Section 2L1.2(b)(1)(A) of the Sentencing Guidelines.

## V.

## MOTION FOR DISMISSAL

### A.  Procedural bar: Failure to Raise the Issue Precludes Collateral Relief.

Rios-Pena's claim on this collateral attack is a sentencing issue. However, Rios-Pena failed to raise this issue on direct appeal. He provides no explanation concerning his failure to raise this issue prior to the present action. As such, he falls to meet his high burden of demonstrating cause and actual prejudice in this case and is therefore precluded from raising this issue on federal habeas review.

A defendant cannot raise an issue for the first time on collateral review without showing both "cause for his procedural default, and actual prejudice resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)(*en banc*), *cert denied*, 502 U.S. 1076, 112 S.Ct. 978 (1992) (*citing United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982)). The "cause and actual prejudice standard" is "a significantly higher hurdle than the plain error standard" applied on direct appeal. *Id.* A defendant must reach this "higher hurdle" even when alleging a fundamental constitutional error. *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 493, 106 S.Ct. 2639, 2648 (1986)). The only acknowledged exception to the application of this high standard is in the "extraordinary" case

6

where an actual innocent person has been wrongly convicted. *Shaid*, 937 F.2d at 232.

In *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604 (1998), the Court reaffirmed that a challenge to a guilty plea can be attacked on collateral review "only if first challenged on direct review." 523 U.S. at 621, 118 S.Ct. at 1610. The Supreme Court applied the "cause and actual prejudice standard," and reaffirmed that establishing "actual innocence" is an exception to this general rule. *Id.* at 622, 1611 (a procedurally defaulted claim can be attacked in a collateral proceeding if the defendant establishes that the constitutional error "probably resulted in the conviction of one who is actually innocent."). To establish "actual innocence," the defendant must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623, 1611 (citing *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868 (1995)).

Rios-Pena has not demonstrated cause for his procedural default in this case. Indeed, he provides no explanation for his failure to challenge this issue during sentencing or on direct appeal. The mere fact that the Fifth Circuit Court of Appeals rendered a decision bolstering his present claim after his case was completed did not preclude Rios-Pena from raising this issue at sentencing or on appeal. Whether his prior conviction was an aggravated felony under Section

7

2L1.2(a)(1)(A) was a contestable matter during sentencing and on appeal. As Rios-Pena has not claimed actual innocense and failed to demonstrate cause for his failure to raise his allegation prior to this collateral attack, consideration of his complaint is procedurally barred, and this Court should dismiss his motion.

**B.    Rios-Pena's sentencing allegation is not cognizable under Section 2255.**

Rios-Pena's claim that the district court erred during sentencing in finding that his prior conviction was an "aggravated felony" warranting an enhancement under Section 2L1.2 is not grounds for section 2255 relief. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Faubion*, 19 F.3d 226, 232-33 (5th Cir. 1994). Reviewing convictions under section 2255 is ordinarily limited to "questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without showing of cause and prejudice." *Cervantes*, 132 F.3d at 1109 (citing *Shaid*, 937 F.2d at 231-32). "Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice." *Id.* (citations omitted); *Faubion*, 19 F.3d at 233. A sentencing judge's technical application of the Sentencing Guidelines does not raise constitutional issues, and therefore may

8

not be raised in a section 2255 proceeding. *Id.* (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

In *Cervantes*, petitioner-Cervantes claimed that the district court erroneously calculated the total amount of cocaine involved in her crime. *Cervantes*, 132 F.3d at 1108. The Court held that "the assigned error does not result in a fundamental defect inherently resulting in a complete miscarriage of justice." *Id.* at 1109 (citing *United States v. Smith*, 844 F.2d 203, 206 (5th Cir. 1988)(citations omitted)). In *Faubion*, the sentencing judge departed upward based on the seriousness of the offense and the defendant's extensive criminal history. *Faubion*, 19 F.3d at 227. Petitioner-Faubion filed a section 2255 motion alleging that this upward departure was improper. *Id.* at 228, 232. The Court held that a challenge to an upward departure is outside the parameters of § 2255. *Id.* at 233.

The holdings in *Cervantes* and *Faubion* are instructive on Rios-Pena's issue regarding the district court's application of an enhancement provision. As in *Cervantes* and *Faubion*, Rios-Pena's sentencing issue falls outside the parameters of Section 2255 motions. Thus, this court need not consider the merits of this issue.

9

C.  **Need for an evidentiary hearing/dismissal under Rule 8(a) of the Rules following § 2255.**

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

Although the allegations of a *pro se* complaint are held to a less stringent standard than the formal pleading drafted by lawyers, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief, the cause will be dismissed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). The instant cause does not merit a hearing.

The government prays that the court enter an order denying Rios-Pena's Section 2255 relief and dismissing this action.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By: _____
TONY R. ROBERTS
Assistant United States Attorney
TX Bar No. 17022000
P.O. Box 61129
Houston, TX 77208
(713) 567-9102


_____
MARK M. DOWD
Assistant United States Attorney
600 E. Harrison St. #201
Brownsville, TX 78520
(956) 548-2554/FAX (956) 548-2549
State Bar No. 06070500
Federal I.D. No. 9314

## CERTIFICATE OF SERVICE

I, Tony R. Roberts, do hereby certify that a copy of the foregoing Respondent's Answer and Motion to Dismiss has been mailed today, August 8, 2001, via certified mail, return receipt requested to:

Arturo Rios-Pena
Reg. No. 92592-079
Cedar Hill Unit
3711 Wright Ave.
Big Spring, Texas 79720

_____
TONY R. ROBERTS
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Respondent, | § | |
| | § | |
| vs. | § | C.R. NO. B-00-133 |
| | § | |
| ARTURO RIOS-PENA, | § | |
|     Petitioner. | § | |
| (C.A. NO. B-01-086) | § | |

ORDER

It is hereby ORDERED that the Respondent's Motion to Dismiss is GRANTED.

SIGNED this _____ day of _____ 2001.


_____
UNITED STATES DISTRICT JUDGE

13