Arturo Rios-Pena
Reg No. 92592-079
Cedar Hill Unit
3711 Wright Ave.
Big Spring, Texas 79720

Pro-se

United States District Court
Southern District of Texas
FILED

AUG 2 0 2001

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Respondent, § | CR. No. B-00-133 |
| § | CV. No. B-01-086 |
| vs. § § | |
| ARTURO RIOS-PENA, § | |
| Petitioner. § | |

## PETITIONER'S REPLY TO RESPONDENT'S ANSWER TO SECTION §2255 MOTION, AND TO MOTION FOR DISMISSAL AND BRIEF

COMES NOW, Petitioner Arturo Rios-Pena, respectfully Submitts this Reply to Respondents anwer to Section §2255 motion, and to motion for dismissal and brief. This Reply is based and supported by the attached Memorandum of points and Authorities.

Respectfully submitted this day _13_ of August, 2001

_Arturo Rios_
Arturo Rios-Pena
pro-se

# BACKGROUND

On March 28, 2000, Petition Rios-Pena was indicted in the United States District Court for the Sourthern District of Texas, Brownsville Division, for illegally reentered the United States after Deportation in violation of Title 8 USC §1326(a) and (b)(2).

On April 06, 2000, Petitioner Rios-Pena pled guilty to the indictment without any agreement from the United States.

On July 10, 2000, Petitioner Rios-Pena was sentenced to 46 months of imprisonment, three-years of supervised release and a $100 special assessment.

On July 11, 2000, Petitioner timely filed a Notice of Appeal, and on November 7, 2000, an appeal was filed by Assistant Federal Public Defender Mr. H. Michael Sokolow on behalf of Mr. Rios-Pena, respectfully requesting the Court of Appeals for the Fifth Circuit to vacate Petitioners' sentence, on the grounds that Mr. Rios-Pena prior conviction is an element of the offense under 8 U.S.C. § 1326 (b) and is not merely a sentence enhancement. Acknowledging that <u>Almendarez-Torrez v. United States</u>, 523 U.S. 224 (1998), forecloses the issue raised in appeal. But raises the issue in the light of the majority opinion and Justice Thomas's concurring opinion in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348, 2362 & n.15 (2000); Id at 2379.

On March 13, 2001, The Fifth Circuit Court of Appeals affirmed the Judgment in this case.

On May 22, 2001, filed the instant acction, raising the issue that Texas Driving While Intoxiocated are not "agravated feloney" under section §2L1.2(b)(1)(A) of the Sentecing Guideline.

On August 2, 2001, Respondent answered to Petitioner's motion, stating that Petitioner did not raise the issue on Direct Appeal, and that this Court should dismiss this action for the following reasons;

According to the Government;

> "During the Sentencing hearing, Rios-Pena did not challenge the district court's holding that his prior felony conviction was an "aggravated felony" under Section 2L1.2(b)(1)(A) of the Sentencing Guidelines. Likewise, he did not raise this issue on direct appeal. Notwithstanding his procedural default of this issue, Rios-Pena now brings this Section 2255 motion alleging that his Texas felony for his third conviction of driving while intoxocated (DWI) was not an aggravated aggravated felony under Section 2L1.2, and therefore, the district Court improperly applied the 16 level enhancement provision".
> (Page #5 Governments answer).

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner needs to point out two very important issues that the Government does not have in mind;

First, Petitioner contends that the DWI issue that he is raising in his motion §2255, was more than imposible to raise it on direct appeal, due to the fact that when Petitioner appeal his conviction it was in was on November 07, 2000, the Government responded on November 29, 2000, and on March 13, 2001, the Fifth Circuit Court of appeals affirmed the Judgment in this case, and the Case of; **United States v. Chapa-Garza**, 243 F.3d. 921 (5th. Cir. 2001) was decided on March 01, 2001, helding that Texas felony Driving While Intoxicated (DWI) was not "crime of violence" and thus not aggravated felony the prior conviction for which have warranted enhancement of defendant's sentence.

Now, if the **Chapa-Garza's** case was decided 12 days before the Fifth Circuit Affirmed Petitoner's conviction, the **Chapa-Garza's** case was published days later, therefore, Petitioner was unable to raise this issue on direct Appeal. Furthermore, Petitioner is a pro-se litigate in Custody, and when a Case is decided and gets published, it takes over a month for the **Federal Law Reporter** get to this Institution.

Page 3

Second, as Petitioner initially stated in his §2255 motion, this issue was not raised on direct appeal because is not part of the District Court Record. quoting; <u>United States v. Elias</u>, 921 F.2d 870, 874 (9th. Cir. 1990) ("Documents or facts not presented to the District Court are not part of the record on Appeal").

If Petitioner would have raised a new issue that; according to the same statement from the Government says;

> "During sentencing, Rios-Pena did not challenge the District Court's finding that his prior felony conviction was an "aggravated felony" for the purposes of Section 2L1.2 of the Sentencing Guidelines. On appeal, Rios-Pena raised the sole issue of whether his indictment properly contained all the elements of his offense challenging the absence of the mention of his aggravated felony in the indictment under the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000)." (Page #4 Governments answer).

According to <u>Kirschner v. Uniden Corp. of America</u>, 842 F.2d 1074, 1077 (9th. Cir. 1988), the Court of Appeals could have properly strike that issue because it was a fact not presented to the District Court, and it was necessary for the District Court to construe a Record.

In this case, as the same Government states, Petitioner Rios-Pena did not challenge the District Court's finding that his prior felony conviction was an "aggravated felony" for the purposes of Section 2L1.2. The reason is quite simple, because until March 1, 2001; the Fifth Circuit Court of Appeal <u>newly recognized</u> that; Texas felony Driving While Intoxicated (DWI) was not "crime of violence" and thus not aggravated felony the prior conviction for which have warranted enhancement of defendant's sentence. *see* <u>United States v. Chapa-Garza</u>, 243 F.3d. 921 (5th. Cir. 2001).

In Chapa-Garzas' there was a final conclusion regarding if DWI was an aggravated felony, the Court of Appeal stated:

> "We turn now to the ultimate question we are called to decide. While the victim of a drunk driver may sustain physical injury from physical force being applied to his body as a result of collision with the drunk driver's errant automobile, it is clear that such force has not been intentionally "used" against the other person by

the drunk driver at all, much less in order to perpetrate any crime, including the crime of felony DWI. The crime of Texas felony DWI is committed when defendant after two prior DWI convictions, begins operating a vehicle while intoxicated. Intentional force against another's person or property is virtually never employed to commit this offense. Accordingly, we hold that felony DWI is not a crime of violence as defined by 18 U.S.C.§16(B). Chapa-Garza at 925.

Furthermore, Petitioner would like to point out an important issue that the Government noted on his answer; according to the Government Petitioner Rios-Pena is alleging that his Texas felony for his <u>third conviction</u> of driving while intoxicated (DWI). Petitioner disagrees with the Government, due to the fact that Petitioner's DWI's felonies, where applied under section 2L1.2(b)(1)(A) of the Sentencing Guidelines, when actually those three felonies should have been applied Under Section 2L1.2 (b)(1)(B) of the Setencing Guidelines, which states:

The U.S.S.G. §2L1.2 provides:

" **§2L1.2 Unlawfully Entering or Remaining in the United States**

(a) **Base Offense Level: 8**
(b) **Specific Offense Characteristic**
(1) **If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction. increase as follows (if more than one year applies, use the Greater):**
(A) If the conviction was for an aggravated felony, increase 16 levels.
(B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by 4 levels."

## PLEADING

Petitioner respectfully request this Honorable Court to hold Petitioner's pro-se petition to a less stringent standard that formal pleadings drafted by practicing attorneys as held by the Supreme Court of the United States. Further, Petitioner prays that this complaint should not be dismissed for failure to State a claim, unless it appears beyond doubt that Petitioner can not prove nor set of facts in support of his claim which would entitle his to relief. <u>Haines v. Kernel</u>, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972).

Likewise in a §2255 proceeding, the District Court must accord the Petitioner an evidentiary hearing "unless the motion, files the records of the case conclusively show that the prisoner is entitle to relief" If the records are inadequate to show conclusively that the prisoner's contentions are without merits, the District Court must conduct a hearing. **Anderson v. United States**, 948 F.2d 704 (11th. Cir. 1991).

**United States v. Coke**, 404 F.2d 836, 846-47 (2nd. Cir. 1968), a "pro-se" prisoner whose claim is based on "a significant denial of a Constitutional right" or "an error of significant Constitutional dimension" may invoke protection embodied in 2255 "even though he could have raised the point on appeal and there was no sufficient reason for not doing it".

**WHEREFORE,** the above mention reasons Petitioner Arturo Rios-Pena respectfully request this Honorable Court to review and rule on the merits of Petitioner's motion under §2255 or such other and further relief as to this Court may seem as just proper.

Respectfully submitted this _13_ day of August, 2001

*Arturo Rios*
Arturo Rios-Pena

## CERTIFICATE OF SERVICE

I, Arturo Rios-Pena, hereby affirm that on this _____ day of ____, 2001, I deposite in the receptacle for the United States mail provided for inmates at this institution, fist class postage prepaid, in a seales enveloped addreed to:

    Tony R. Roberts
    A.U.S.A.
    TX Bar NO. 17022000
    P.O. Box 61129
    Brownsville, Texas 78520-7155

DATE: 8/13/01

Respectfully,

*Arturo Rios*
Arturo Rios-Pena
Reg No. 92592-079
pro-se