UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 0 6 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ARTURO RIOS-PENA, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. B-01-086 |
| § | CR. NO. B-00-133 |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Arturo Rios-Pena (Petitioner), is a citizen of Mexico currently incarcerated at the Cedar Hill Unit in Big Spring, Texas. On July 1, 1994, Rios-Pena was convicted in State District Court, Brownsville, Texas, for his third offense of driving while intoxicated. The court sentenced him to five years of imprisonment, but placed him on probation for five years. Rios-Pena was officially deported from the United States on October 29, 1998.

Rios-Pena illegally re-entered the United States on August 18, 1999. United States Border Patrol agents detained Rios-Pena on March 6, 2000, near La Paloma, Texas. On March 28, 2000, Rios-Pena was indicted in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal Number B-00-133. The indictment alleged that Rios-Pena had been found present in the United States without having obtained the consent of the Attorney General to reapply for admission to the United States in violation of 8 U.S.C. §§ 1326(a) and 1326(b). Rios-Pena pleaded guilty to the indictment without any agreement from the United

1

States on April 6, 2000. On July 10, 2000, Petitioner Rios-Pena was sentenced to forty-six months of imprisonment.

Rios-Pena's attorney made a written objection to the sixteen-level increase during a sentencing hearing in his case. His attorney argued that U.S.S.G. § 2L1.2(b)(1)(B) of the Sentencing Guidelines should apply to Rios-Pena instead of § 2L1.2(b)(1)(A). In other words, Rios-Pena argued that his prior conviction was for some "other felony" not an "aggravated felony," and thus his increase from the base offense level of eight should be four levels, not sixteen levels. The district court overruled this motion, apparently relying on the Fifth Circuit's decision in *Camacho-Marroquin v. Immigration and Naturalization Service*, which held that felony DWI was a crime of violence.[1]

Rios-Pena appealed his conviction to the Fifth Circuit Court of Appeals. His only issue on direct appeal was whether his indictment appropriately comprised all the elements of his offense, specifically challenging the absence in the charging instrument of his alleged aggravated felony under the ruling of *Apprendi v. New Jersey*.[2] The Fifth Circuit affirmed Rios-Pena's conviction on February 25, 2001.

The district court reached the forty-six month confinement by applying the mandated sixteen-level enhancement to the base offense under the U.S. Sentencing Guideline Manual for cases in which a defendant had been deported after being convicted of an "aggravated felony." Texas law dictates that a defendant's third conviction for driving while intoxicated is considered a

---

[1] *See Camacho-Marroquin v. INS*, 188 F.3d 649, 652 (5th Cir. 1999), *withdrawn* 222 F.3d 1040 (5th Cir. 2000).

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

2

Class C felony.³  Subsequent to Rios-Pena's conviction, the Fifth Circuit ruled in *United States v. Chapa-Garza* that felony DWI convictions are not to be considered crimes of violence as defined by 18 U.S.C. § 16(b), and thus a sixteen-level increase should not be applied under the sentencing guidelines, which essentially overruled *Camacho-Marroquin*.⁴  The *Chapa-Garza* decision was handed down by the Fifth Circuit on March 13, 2001.⁵

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2255 on the following ground:

1. Petitioner claims the sixteen-level enhancement for his previous DWI felony conviction under the aggravated felony provision of Section 2L1.2(b)(1)(A) should be rescinded due to the Fifth Circuit's ruling in *Chapa-Garza*.

The government has responded to Rios-Pena's petition by contending that he is procedurally barred from making his sentencing claim because he did not raise the issue on direct appeal, and thus the petition should be dismissed.  Additionally, the government postulates that the petitioner's sentencing allegation is not a cognizable claim under § 2255, and, as such, should prevent relief for Rios-Pena.

---

³ TEX. PEN. CODE. § 49.09(b) (Supp. 1999).

⁴ *See United States v. Chapa-Garza*, 243 F.3d 921, 927, 928 (5th Cir. 2001).

⁵ *Chapa-Garza*, 243 F.3d 921.

3

## ANALYSIS

### 1) Retroactivity of United States v. Chapa-Garza

The Fifth Circuit failed to rule whether the decision in Chapa-Garza was to be applied retroactively to past defendants sentenced under the old rule of law.[6] In order to determine whether the *Chapa-Garza* decision should be applied to Petitioner, it becomes important to evaluate precedence from the Supreme Court and the Fifth Circuit on the issue of retroactivity. Additionally, a brief review of the Supreme Court case of *Teague v. Lane*[7] will be necessary for a complete review of the issue.

Federal courts are ordinarily barred from applying new constitutional rules of criminal procedure retroactively on collateral review.[8] Absent compelling reasons to the contrary, a federal court should apply the holding in *Teague*.[9] According to *Teague*, a "new rule" is one which was not promulgated by precedent existing at the time the defendant's conviction became

---

[6] *Id.*

[7] *Teague v. Lane*, 489 U.S. 288 (1989).

[8] *See Caspari v. Bohlen*, 510 U.S. 383, 389-90 (1994); *Teague v. Lane*, 489 U.S. 288, 310 (1989); *Jackson v. Johnson*, 217 F.3d 360, 361 (5th Cir. 2000); *Murphy v. Johnson*, 205 F.3d 809, 817 (5th Cir. 2000), *cert. denied*, 531 U.S. 957 (2000); *Matthew v. Johnson*, 201 F.3d 353, 359 (5th Cir. 2000), *cert. denied*, 531 U.S. 830 (2000); *Johnson v. Puckett*, 176 F.3d 809, 819 (5th Cir. 1999); *Vega v. Johnson*, 149 F.3d 354, 357 (5th Cir. 1998), *cert. denied*, 525 U.S. 1119 (1999); *Johnson v. Scott*, 68 F.3d 106, 111 n.10 (5th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996); *Lackey v. Scott*, 52 F.3d 98, 100 (5th Cir. 1995), *stay granted and cert. dism'd*, 514 U.S. 1093 (1995); *Davis v. Scott*, 51 F.3d 457, 466-67 (5th Cir. 1995), *cert. denied*, 516 U.S. 992 (1995); *Mann v. Scott*, 41 F.3d 968, 976 (5th Cir. 1994), *cert. denied*, 514 U.S. 1117 (1995); *Crank v. Collins*, 19 F.3d 172, 175 (5th Cir. 1994), *cert. denied*, 512 U.S. 1214 (1994); and *Motley v. Collins*, 18 F.3d 1223, 1230 (5th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[9] *See Jackson v. Johnson*, 217 F.3d 360, 361-63.

4

final.[10] The non-retroactive doctrine of *Teague* additionally applies to an avant-garde application of a preempted rule.[11]

However, there are two exceptions to the *Teague* non-retroactivity doctrine: (1) new rules prohibiting criminal punishment of certain primary conduct and rules prohibiting a certain category of punishment for a class of defendants because of their status or offense and (2) "watershed" rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding, i.e., a small core of rules requiring the observance of those procedures which are implicit in the concept of ordered liberty.[12] Petitioner meets the definition of the second portion of number one, in that the new rule in *Chapa-Garza* prohibits a sixteen-level increase for those convicted of 18 U.S.C. 1326(a) and (b) with a prior felony conviction because felony DWI is no longer to be considered a crime of violence.[13]

---

[10] *See O'Dell v. Netherland*, 521 U.S. 151, 156 (1997) (holding that a "new rule" either "breaks new ground," "imposes a new obligation on the States or the Federal Government," or was not "dictated by precedent existing at the time the defendant's conviction became final"); *Caspari v. Johnson*, 510 U.S. at 390; *Murphy v. Johnson*, 205 F.3d at 817; *Truman v. Johnson*, 205 F.3d 844, 846 (5th Cir. 2000), *cert. denied*, 530 U.S. 1219 (2000); *Vega v. Johnson*, 149 F.3d at 357; *Lucas v. Johnson*, 132 F.3d 1069, 1080-81 n.7 (5th Cir. 1998), *cert. dism'd*, 524 U.S. 965 (1998); *White v. Johnson*, 79 F.3d 432, 437-38 (5th Cir. 1996), *cert. denied*, 519 U.S. 911 (1996); *Davis v. Scott*, 51 F.3d at 459-60; *Mann v. Scott*, 41 F.3d at 976; *Crank v. Collins*, 19 F.3d at 175; and *Motley v. Collins*, 18 F.3d at 1230.

[11] *See Stringer v. Black*, 503 U.S. 222, 227-29 (1992); *Butler v. McKellar*, 494 U.S. 407, 414-15 (1990); *West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); and *Lackey v. Scott*, 52 F.3d 98, 100 (5th Cir. 1995).

[12] *See O'Dell v. Netherland*, 521 U.S. at 157; *Graham v. Collins*, 506 U.S. 461, 478 (1993); *Jackson v. Johnson*, 217 F.3d at 364; *Murphy v. Johnson*, 205 F.3d at 817-18; *Truman v. Johnson*, 205 F.3d at 846; *Matthew v. Johnson*, 201 F.3d at 369; *Muniz v. Johnson*, 132 F.3d 214, 225 (5th Cir. 1998), *cert. denied*, 523 U.S. 1113 (1998); and *Brown v. Cain*, 104 F.3d 744, 752 (5th Cir. 1997), *cert. denied*, 520 U.S. 1195 (1997).

[13] *See Chapa-Garza*, 243 F.3d at 927. Additionally, it may be noted that in *In re Olivares*, 23 I. & N. Dec. 148 (BIA 2001), the Board of Immigration Appeals has resolved to no longer remove from the Fifth Circuit those convicted of felony DWI.

For this reason, it appears that *Chapa-Garza* should apply retroactively to the Petitioner in this situation.

## 2) Possible Procedural Bars to Petitioner's Claim

Generally speaking, Section 2255 provides relief for a convicted federal criminal defendant who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.[14] A movant seeking collateral review of his conviction waives any jurisdictional or constitutional issue if he does not first raise the matter on direct review.[15] However, Section 2255 relief has historically been available for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice.[16] Additionally, if a movant can show cause for the

---

[14] *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. denied*, 504 U.S. 962 (1992); and 28 U.S.C. § 2255.

[15] *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

[16] *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir. 1995); *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995); *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995); *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994), *cert. denied*, 515 U.S. 1132 (1995); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994); *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d at 233; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir. 1989); *United States v. Smith*, 844 F.2d 203, 205-06 (5th Cir. 1988); and *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

default and actual prejudice as a result, then they can overcome the procedural bar on a collateral attack.[17] Therefore, the two ways in which a petitioner can obtain Section 2255 relief without raising the issue on direct appeal are: (1) demonstrating that if the claim is not undertaken, it would result in a complete miscarriage of justice, and (2) showing cause for the forfeiture on direct appeal, and actual prejudice as a consequence of the default.

### A. Applying the Law to Rios-Pena

When evaluating the relevant previous events on this issue, it is important to note that the Fifth Circuit issued the *Chapa-Garza* opinion on March 1, 2001.[18] The same court affirmed Rios-Pena's conviction on February 15, 2001. Thus, as petitioner claims, it was impossible for Rios-Pena to make a *Chapa-Garza* type of argument on direct appeal. Due to the fact that the Fifth Circuit rendered its opinion in *Chapa-Garza* after it denied relief to Rios-Pena on direct appeal, it seems that the petitioner can show cause for the default on direct appeal. At the time of petitioner's direct appeal, *Camacho-Marroquin* was the controlling precedent in the area of felony DWIs as they relate to aggravated felonies. In the government's response to the present action, it falsely claims that this issue was not raised at sentencing. In fact, the defendant did raise a written objection to this sixteen-level increase in response to the pre-sentence investigation report. The district court properly overruled the objection because the Fifth Circuit was still months away from deciding *Chapa-Garza*, and *Camacho-Marroquin* was still the controlling precedent in the Fifth Circuit.

Rios-Pena was sentenced under the Guidelines at an offense level of twenty-one, with a

---

[17] *Id.*

[18] *See United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001).

criminal history category of III. Therefore, the district judge sentenced him to the low end of the guidelines at forty-six months. Under the new rule, the most time that Rios-Pena could serve (without taking into consideration early acceptance) is twenty-one months. If the petitioner would have had the benefit of the *Chapa-Garza* opinion at the time of his sentencing, he would have never been sentenced to forty-six months of prison.

This case demonstrates a rare instance in which the petitioner did not raise an issue on direct appeal, but yet is entitled to relief on the issue on collateral review because a failure to do so would result in a miscarriage of justice. Therefore, there is no reason to address the second avenue in which a petitioner can overcome a procedural bar.

## RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 should be GRANTED, and Respondent's Motion to Dismiss should be DENIED.

By not granting relief to the petitioner's claim, the court would be contributing to a miscarriage of justice in this case. The Fifth Circuit has clearly decided the law on the issue of felony DWI as it relates to aggravated felonies. This is further evidenced by the fact that the Fifth Circuit recently denied a petition for rehearing en banc in the *Chapa-Garza* case. See *United States v. Chapa-Garza*, Nos. 99-51199, 00-50049, 00-50051, 00-50107, and 00-50239, 2001 U.S. App. LEXIS 5088, at *1-2 (5th Cir. Aug. 20, 2001). The new law with regard to sentencing should be applied to petitioner Rios-Pena accordingly. Specifically, petitioner should be sentenced with a four-level increase, not a sixteen-level increase as per Section 2L1.2(b)(1)(B) of

8


the Sentencing Guidelines.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 5th day of September, 2001.

_____
Felix Recio
United States Magistrate Judge

9

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO RIOS-PENA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-086 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby GRANTED. The Respondent's (United States') Motion to Dismiss is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2001.

_____
Hilda Tagle
United States District Judge

10